UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-50011 |
| Plaintiff, | UNITED STATES' MEMORANDUM OF LAW ON JUVENILE JURISDICTIONAL ISSUE RAISED BY THE COURT |
| vs. | |
| HENRY LOUIS CHASE ALONE, a/k/a Henry Black Elk, | |
| Defendant. | |

Comes now the United States by its attorneys Randolph J. Seiler, Acting United States Attorney, and Sarah B. Collins, Senior Litigation Counsel, and respectfully requests the Court proceed with sentencing the defendant as an adult based upon the law set forth below in this memorandum of law.

FACTS

On July 30, 2000, and into the early morning hours of July 31, 2000, a group of young people were consuming alcohol. In that group were the defendant and the victim, R.W.P. At the time the defendant was sixteen years old.[1] R.W.P was thirteen at the time. At some point during the night R.W.P. consumed excessive alcohol and passed out in a third party's home. During the time R.W.P. was passed out, the defendant engaged in sexual intercourse with her and they conceived a child. R.W.P. was eventually taken to the hospital where she almost died from alcohol poisoning and a sexual assault exam was completed. Her pregnancy was later terminated.

---

[1] The defendant would have his 17th birthday the following week.

The defendant was amongst three suspects in the case, but for reasons unbeknownst to the United States his DNA was not taken, though the other two suspects' DNA was taken and did not match the DNA taken from the sexual assault exam and the case went cold.

In 2013, the defendant was indicted in the Central Division of the District of South Dakota along with Rochelle Breckbill (Lebeau) for Involuntary Manslaughter and Child Abuse, case number 13-30185-02.  He was given pretrial diversion and his DNA was entered into the nationwide DNA Database known as CODIS.  In February of 2014, the FBI recognized a possible association between the DNA taken from the perpetrator of R.W.P. from the sexual assault exam and the DNA of the defendant from his 2013 case.  To confirm the perpetrator's identity, the United States sought a warrant and the FBI collected a sample from the defendant on July 7, 2014, and that sample was submitted to the FBI crime lab for comparison to the DNA from the R.W.P. sexual assault exam.  On November 10, 2014, the FBI crime lab confirmed that the DNA found in R.W.P.'s sexual assault kit matched the DNA from the known sample taken via the search warrant from the defendant.

The defendant was indicted on January 21, 2015, for one count of Sexual Abuse and one count of Sexual Abuse of a Minor.  At the time he was indicted he was thirty one years old.  In consideration of the defendant's age at the time of the offense, as well as other factors, the United States offered that the defendant could plead guilty to Assault Resulting in Serious Bodily Injury.  The parties entered into a written plea agreement and the defendant pled guilty

to the charge on May 5, 2015.  The matter was set for sentencing and United States Probation conducted a presentence investigation report.

On August 14, 2015, at the sentencing hearing, the Court raised a question to the United States regarding the Court's jurisdiction over the defendant considering he was a juvenile at the time of the offense back in July of 2000.  The United States now provides this memorandum of law in support of the Court's jurisdiction over the defendant.

## ARGUMENT

The Court has jurisdiction over the defendant, as an adult, based on his age at the time he was indicted.  The Juvenile Delinquency Act ("JDA") applies to "juveniles" charged with the commission of acts constituting "juvenile delinquency."  *See* 18 U.S.C. § 5032 (1996).  An act of "juvenile delinquency" is a "violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult . . . ."  18 U.S.C. § 5031 (1994).  A "juvenile" is one "who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday"))*.*  18 U.S.C. § 5031.  "Courts have uniformly concluded that the applicability of the JDA is determined by the defendant's age at the time of filing the juvenile information."  *United States v. Ramirez*, 297 F.3d 185, 191 (2d Cir. 2002).  A person indicted after the age of twenty-one is no longer a "juvenile" within the statute's definition.  *United States v. Wright*, 540 F.3d 833, 839 (8th Cir. 2008) (citing 18 U.S.C. § 5031).

In concluding the twenty-eight-year-old defendant in *Wright* could not invoke the protections of the FJDA, the Eighth Circuit Court of Appeals relied on authority from several other circuit courts of appeals. Among those was *United States v.* Hoo, wherein the Second Circuit observed, "courts have consistently held that a defendant who is alleged to have committed a crime before his eighteenth birthday may not invoke the protection of the [JDA] if criminal proceedings begin after the defendant reaches the age of twenty-one." 825 F.2d 667, 669-70 (2d Cir. 1987) (citing *In re Martin*, 788 F.2d 696, 697–98 (11th Cir. 1986); *United States v. Araiza–Valdez*, 713 F.2d 430, 432–33 (9th Cir. 1980); *United States v. Doe*, 631 F.2d 110, 112–13 (9th Cir. 1980)); *see United States v. Ramirez*, 297 F.3d 185, 190-92 (2d Cir. 2002) (applying *Hoo* and providing an overview of the FJDA); *United States v. Jimenez*, 256 F.3d 330, 345-46 & n.19 (5th Cir. 2001) (finding the *Hoo* decision instructive and noting "[t]hose circuits that have addressed this issue agree that the JDA is inapplicable" when suspect commits crimes before eighteenth birthday but is indicted after reaching twenty-one); *United States v. Delatorre*, 157 F.3d 1205, 1209 & n.2 (10th Cir. 1998) (same as *Hoo*); *In re Martin*, 788 F.2d 696, 697-98 (11th Cir. 1986) (holding that "[t]he crucial date for determining whether the Juvenile Delinquency Act applies is the date on which the government institutes proceedings" and that an indictment starts proceedings).

In this case, the defendant was thirty-one years old at the time of the indictment.  Under *Wright*, as well as authority from other circuit court of appeals to have addressed the applicability of the JDA, the defendant cannot

4

invoke the protections of the JDA and the Court therefore has jurisdiction to sentence him as an adult without further proceedings under the JDA.

## CONCLUSION

The United States respectfully requests the Court proceed with sentencing the defendant as an adult.

Respectfully submitted this 18th day of August, 2015.

                                      RANDOLPH J. SEILER
                                      Acting United States Attorney
                                      By:

                                      /s/ Sarah B. Collins
                                      _____
                                      SARAH B. COLLINS
                                      Senior Litigation Counsel